UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMAR DIALLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALO ENTERPRISES CORP., et al.<br><br>　　　　Defendants. | Civil Action No. 12-3762 (AET)<br><br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Omar Diallo's ("Plaintiff") motion seeking leave to file an Amended Complaint to add state common law breach of contract claims against Defendants Trenton Auto Sales, Inc. ("Trenton Auto") and ALO Enterprises Corp. ("ALO Enterprises") (collectively, "Defendants"). Defendants oppose Plaintiff's motion. The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b) For the reasons set forth below, Plaintiff's motion is GRANTED.

**I.　　Background and Procedural History**

This matter arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et. seq*. Plaintiff alleges overtime and minimum wage violations by Defendants. Plaintiff filed his initial Complaint on June 20, 2012 and Defendants filed their Answer and Counterclaims on August 7, 2012. In their Counterclaim, Defendants alleged that Plaintiff was not an employee, but rather an independent contractor and that he breached the terms of the parties' business agreement. Defendants also alleged that Defendant ALO Enterprises agreed to pay Plaintiff a commission for each car shipped through ALO Enterprises as part of the parties'

business agreement. Plaintiff has confirmed that ALO Enterprises and Trenton Auto agreed to remunerate Plaintiff via commission; however, Plaintiff argues that Defendants have failed to follow through with this agreement. Plaintiff now seeks leave to amend his Complaint to add state common law breach of contract claims against ALO Enterprises and Trenton Auto in addition to his FLSA claims.

Relying on *Long v. Wilson*, Plaintiff asserts that, where there is an absence of undue delay, bad faith, prejudice, and futility, a request to amend the pleadings should be liberally granted. 393 F.3d 390, 400 (3d Cir. 2004). Plaintiff argues that here none of these factors exist and, as such, his motion should be granted. Specifically, Plaintiff asserts that while he was aware of the facts underlying the proposed state common law breach of contract claims when he filed his original Complaint, the instant motion is being brought in good faith.  In this regard, Plaintiff claims that the cases relied upon by Defendants to show otherwise  – namely, *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (denying motion to amend due to undue delay); *Price v. Trans Union, LLC*, 737 F. Supp.2d 276, 280 (E.D. Pa. 2010) (denying a motion to amend complaint for noncompliance with "good cause" standard of the FED.R.CIV.P.  16(b)); and *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (denying motion to amend complaint due to noncompliance with local rules) – are inapplicable.  Further, Plaintiff claims that simply because he was aware of the facts underlying his proposed state common law breach of contract claims at the time he filed the original Complaint does not mean that he is acting in bad faith in seeking to add those claims now.  Plaintiff also argues that his proposed breach of contract claims are meritorious and that if he is permitted to add them now, before discovery has commenced, Defendants will not be prejudiced by same.

Defendants oppose Plaintiff's motion on two main grounds. First, Defendants argue that Plaintiff's motion was made in bad faith. Defendants point to Plaintiff's admission that Plaintiff was always aware he was to be remunerated on a commission basis to establish bad faith. In this regard, Defendants argue that Plaintiff's motion to amend is the product of bad faith because Plaintiff was aware of the facts underlying his proposed state common law breach of contract claims at the time he filed his initial Complaint and yet chose not to include those claims in said Complaint. Defendants argue that if a litigant is aware of a fact at the time he files his initial pleading, but opts not to assert a cause of action stemming from that fact, then the litigant should be precluded from amending the complaint to assert the unpled cause of action at a later date.

Second, Defendants argue that Plaintiff's motion should be denied because the proposed amendments are preempted by FLSA and are therefore futile. Defendants rely primarily on *Kelly v. Borough of Union Beach* for this contention. Civil No. 10-4214 (AET), 2011 WL 551170 (D.N.J. Feb 8, 2011). In *Kelly*, the court adopted the legal position that state common law claims based on the same set of facts as claims brought under FLSA are preempted by FLSA. 2011 WL 551170, at *3. Defendants assert that Plaintiff's proposed amendments, which consist of state common law breach of contract claims, are based on the same set of facts as Plaintiff's FLSA claims and are thus preempted. In light of this preemption, Defendants argue that Plaintiff's proposed breach of contract claims are futile.

Plaintiff responds to Defendants' opposition, arguing that his proposed state common law breach of contract claims are neither the product of bad faith nor futile. As to bad faith, Plaintiff argues that prior knowledge alone is not a proper ground to deny leave to amend the pleadings. Further, with respect to futility, Plaintiff asserts that the proposed breach of contract claims are not preempted by his FLSA claims and, consequently, are not futile. In arguing against futility,

Plaintiff contends that the breach of contract claims represent an alternative legal theory of liability, which Plaintiff claims is appropriate under FED.R.CIV.P. 8(d)(2). Further, Plaintiff argues that while his state common law breach of contract claims are based on the same set of facts as his FLSA claims, Defendants have overlooked "a very important detail: unlike with a breach of contract claim, to prevail under FLSA, Plaintiff must demonstrate he was an employee, which Defendants argue he was not." (Pl. Reply Br. at 3). As such, Plaintiff argues that leave to amend should be freely granted and he should be allowed to add the proposed state common law breach of contract claims.

## II.     Analysis

### A.     Standard of Review

According to FED.R.CIV.P. 15(a), leave to amend the pleadings is generally granted liberally. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). However, the Court may deny a motion to amend where there is "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. Nevertheless, where there is an absence of the above factors: undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be granted freely. *Long*, 393 F.3d at 400.

The two main arguments asserted by Defendants in opposition to Plaintiff's motion are that the amendments result from bad faith and are futile. The Court, therefore, focuses on those two issues.

A motion to amend a complaint may be properly denied if there is a showing of bad faith. *See Foman,* 371 U.S. at 182; *Alvin*, 227 F.3d at 121. The question of bad faith requires the Court

to focus on the litigant's reasons for not amending sooner. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Although delay itself can be evidence of bad faith justifying the denial of a motion to amend, there generally must also be some extrinsic evidence to indicate that a litigant acted in bad faith before a motion to amend will be denied on this ground. *Id.* Simply failing to add a claim a party had prior knowledge of does not alone amount to bad faith. *See Leased Optical Depts. v. Opti-Center, Inc.*, 120 F.R.D. 476 (D.N.J. 1988).

      In addition, a motion to amend is also properly denied where the proposed amendment is futile. *See Foman,* 371 U.S. at 182; *Alvin*, 227 F.3d at 121. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine whether an amendment is "insufficient on its face," the Court employs the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6) (*see Alvin*, 227 F.3d at 121) and examines only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). To determine if a complaint would survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2

(D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

### B.     Discussion

Through his motion, Plaintiff seeks permission to amend the Complaint to assert new state common law breach of contract claims. As noted above, Defendants oppose Plaintiff's motion for two primary reasons: (1) because Plaintiff's motion was made in bad faith; and (2) because Plaintiff's motion is futile. The Court addresses these two arguments in detail below. The Court, however, also finds that no other grounds exist for denying Plaintiff's motion here. Specifically the Court finds no evidence that the addition of Plaintiff's proposed claims would unfairly prejudice Defendants or that they are the product of undue delay.

#### 1. Bad Faith

Here, Defendants assert that Plaintiff's proposed amendments result from bad faith because Plaintiff knew of the facts underlying the proposed state common law breach of contract claims when he initiated this litigation but failed to assert them at that time. The Court, however, disagrees. In order to show bad faith, a party must point to some extrinsic evidence of same. *Adams*, 739 F.2d at 868. Defendants have not identified anything other than Plaintiff's delay in bringing the breach of contract claims in light of his prior knowledge of the facts underlying same to show bad faith. No extrinsic evidence has been proffered to show that Plaintiff acted to harm Defendants (*Id.*) and simply failing to add claims that Plaintiff had prior knowledge of does not equate to bad faith. *See Leased Optical Depts. v. Opti-Center, Inc.*, 120 F.R.D. 476 (D.N.J. 1988). As such, the Court finds no bad faith here and shall not deny Plaintiff's motion on that ground.

### 2. Futility

Defendants assert that Plaintiff's motion is futile because the state common law breach of contract claims that Plaintiff seeks to add are preempted by FLSA. The Court disagrees. While the Third Circuit has not yet ruled on whether FLSA preempts state law claims that are based on the same set of facts as the FLSA claims, many district courts, including the District Court of New Jersey, have held that "a plaintiff's common law claims are preempted by FLSA where the common law claims are duplicative of or based on the same facts as the plaintiff's FLSA claim." *Kelly*, 2011 WL 551170, at 2-3. The Court adopts the analysis set forth in *Kelly*.

Here, while it appears that there is significant overlap between the facts behind the Plaintiff's state common law breach of contract claims and those on which Plaintiff's FLSA claims are based, there is one critical difference: in order for Plaintiff to succeed on his FLSA claims, Plaintiff must establish he was an employee of Defendants. In contrast, Plaintiff could prevail on the proposed state common law breach of contract claims even if he was not an employee, but rather an independent contractor, as alleged by Defendants. Defendants do not address this difference in arguing that Plaintiff's breach of contract claims are preempted and therefore futile. Further, neither *Kelly* nor any of the cases relied upon by Defendants address preemption under FLSA under these circumstances.

In light this nuance (*i.e.*, where Plaintiff's alleged employee status is at issue), the Court finds that Plaintiff's proposed state common law breach of contract claims are not clearly futile. Under the circumstances of this case, the proposed breach of contract claims are not duplicative of Plaintiff's FLSA claims because Plaintiff could theoretically lose on the FLSA claims if he is unable to establish that he was an employee of Defendants, but still win on the breach of contract claims based on his alleged independent contractor status. Thus, despite the significant overlap

between the facts forming the basis of both sets of claims, the Court finds that the dispute concerning whether Plaintiff was an employee or independent contractor of Defendants militates against finding that the state common law breach of contract claims are preempted by FLSA. As a result, the Court shall permit Plaintiff to add this alternative legal theory of liability to his Complaint.

### III.     Conclusion

For the reasons stated above, Plaintiffs' motion seeking leave to file an Amended Complaint to add state common law claim breach of contract claims is GRANTED. An appropriate Order follows.

Dated: July 17, 2013

                                                s/Tonianne J. Bongiovanni
                                                **HONORABLE TONIANNE J. BONGIOVANNI**
                                                **UNITED STATES MAGISTRATE JUDGE**