NOT FOR PUBLICATION

RECEIVED

SEP 0 7 2017

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OMAR DIALLO,

    Plaintiff,

v.

ALO ENTERPRISE CORP., TRENTON
AUTO SALES, INC., FAJ RENTAL
CORP., THUNDER ENTERPRISE, INC.,
AMR RIHAN,

    Defendants.

Civ. No. 15-6336

OPINION

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Plaintiff Omar Diallo ("Plaintiff") for Partial Summary Judgment. (ECF No. 100). Defendants ALO Enterprises Corp. and Trenton Auto Sales, Inc. ("Defendants")[1] opposed. (ECF No. 107). The Court will decide the motion based upon the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for partial summary judgment will be denied.

## BACKGROUND

This case concerns an employment dispute between Plaintiff and Defendants. The uncontroverted facts are as follows: Defendant ALO Enterprises operated a business to ship used cars overseas. (Pl.'s Statement of Material Facts ("SOF") ¶ 1). Defendant Trenton Auto

---

[1] While Faj Rental Corporation and Thunder Enterprise, Inc., are also remaining defendants in this case, Plaintiff only moved for summary judgment against ALO Enterprises Corporation and Trenton Auto Sales, Inc. Individual Defendant Amr Rihan was dismissed from the case without prejudice on May 20, 2015. (ECF No. 48).

1

Sales is an automobile reseller that purchases cars at auctions for later resale. (*Id.* ¶ 3). At all times relevant to this action, Amr Rihan had power over personnel decisions and payroll practices for both Defendants. (*Id.* ¶ 5). When Plaintiff was required to travel for work, Defendants would provide Plaintiff with money for hotel rooms and transportation for Plaintiff and for the customers Plaintiff was servicing. (*Id.* ¶ 39). At the end of each workday, Amr Rihan or Fida Dahrouj drove Plaintiff from the office to the train station for Plaintiff to go home. (*Id.* ¶ 40). The parties further agree on the federal minimum wage at all times relevant to the action, and the fact that Plaintiff was not paid the minimum wage. (*Id.* ¶ 54). The parties dispute whether Plaintiff was an employee or an independent contractor with his own business, and whether Defendants contracted with Plaintiff and promised to pay him a commission for cars obtained on their behalf.

Plaintiff's Amended Complaint delineates four counts against four corporate defendants and an individual defendant. Individual Defendant Amr Rihan was dismissed from the case without prejudice on May 20, 2015. (ECF No. 48). Plaintiff alleges violations of: 1) the Fair Labor Standards Act ("FLSA") overtime wage provisions, 2) the FLSA minimum wage provisions, 3) breach of contract by Trenton Auto Sales, and 4) breach of contract by ALO Enterprises. (Am. Compl., ECF No. 20). Following the conclusion of discovery, Plaintiff moved for summary judgment on all counts against Defendants ALO Enterprises and Trenton Auto Sales. (ECF No. 100). This motion is presently before the Court.

## LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead

2

a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248–49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

### A. Counts I–IV

The FLSA prohibits any covered employee from working more than a forty-hour workweek unless the employee receives overtime compensation at a rate not less than time and a half. 29 U.S.C. § 206. Defendant argues that Plaintiff cannot prevail on his FLSA claims because Plaintiff was not an employee who was covered by the FLSA. Rather, Defendant argues that Plaintiff was an independent contractor.

3

In determining the existence of an employment relationship for purposes of the FLSA, the Court does not solely rely upon "isolated factors but rather upon the 'circumstances of the whole activity.'" *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1293 (3d Cir. 1991). The Court must consider "whether, as a matter of economic reality, the individual [is] dependent upon the business to which [he] render[s] service." *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382 (3d Cir. 1985). Though the entire relationship should be examined, courts have developed certain criteria to assist them in this examination. The Third Circuit has specifically enumerated the following factors:

> 1) the degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer's business.

*Martin*, 949 F.2d at 1293.

The parties dispute every fact relating to the parties' employment relationship, except that when Plaintiff was required to travel for work, Defendants would provide Plaintiff with money for hotel rooms and transportation for Plaintiff and for the customers Plaintiff was servicing and, at the end of each workday, Amr Rihan or Fida Dahrouj drove Plaintiff from the office to the train station for Plaintiff to go home. (Pl.'s SOF ¶¶ 39–40). All facts regarding Defendants' control over the manner in which work was performed, Plaintiff's opportunity for profit or loss depending on his skill, Plaintiff or Defendants' provision of the tools of the trade, the degree of permanence, and whether Plaintiff's service was an integral part of Defendants' business are in dispute. Therefore, summary judgment on Counts One and Two is inappropriate.

Similarly, Trenton Auto Sales denies that it promised to pay Plaintiff a commission and rather asserts that Plaintiff promised to pay Trenton Auto Sales some amount for each car he purchased while operating under their license. (Def.'s SOF ¶ 12, ECF No. 107). Therefore, material facts are in dispute regarding Count Three Breach of Contract.

Regarding Count IV, Defendant ALO Enterprises does not dispute that it and Plaintiff had an agreement whereupon ALO agreed to pay Plaintiff a $25.00 per car commission (Def.'s SOF ¶ 11) nor does Defendant provide any support for its objection to Plaintiff's statement of fact claiming that Defendant did not pay that commission (*id.* ¶ 1). However, the parties dispute the type of relationship—whether Plaintiff shipped "on behalf of ALO" or "through ALO," or "facilitated or participated in the shipment of [cars] on behalf of [ALO]" (Pl.'s SOF ¶¶ 58, 61, 63; Def.'s SOF ¶ 11; Am. Compl. ¶ 69)—and that dispute will affect the number of cars that Defendant could be liable for. Therefore, there is a dispute of material fact and summary judgment is inappropriate.

### B. Concerns about Form

Plaintiff argues that Defendants did not cite to the record when they disputed Plaintiff's Statement of Material Facts, as required by the Local Rules. Plaintiff argues, therefore, that the Court must consider all facts undisputed.

Factual assertions must be set out in separately numbered paragraphs and each fact must be properly cited to the affidavits and other documents submitted in support of or in opposition to the motion. Local Civil Rule 56.1; *see, e.g., Graham v. Hathaway Lodge*, 2015 WL 8490934 (D.N.J. Dec. 9, 2015) (court declined to consider statements that relied upon a deposition, when the transcript was not included); *Avatar Bus. Connection v. Uni-Marts*, 2007 WL 1574054, at *3 n.6 (D.N.J. May 30, 2007) (considering only "the facts... that are specifically cited to the record

5

of this case"). Furthermore, the statement of undisputed facts must be a document separate and apart from the legal briefs, and failure to comply with this requirement could result in the adversary's statement of undisputed facts being deemed admitted. *Cruse v. State of New Jersey*, 2013 WL 6909911, at *1 n.2 (D.N.J. Dec. 31, 2013) (accepting as true all of the moving party's statement of facts, where opposing party failed to address each paragraph of the statement of undisputed facts). However, this court has excused issues of form and accepted factual disputes where the "submission meets the principle embodied by the rule—that the parties narrow the key issues so the Court can adjudicate the motion without embarking on a judicial scavenger hunt for relevant facts." *Schecter v. Schecter*, 2008 WL 5054343, at *7 (D.N.J. Nov. 26, 2008).

Defendants did not provide a response to Plaintiff's Statement of Facts in a document separate and apart from their legal brief, nor did they provide citations to support their objections to Plaintiff's Statement of Material Facts. (ECF No. 107 at 5–7). However, Defendants did provide their own, responsive statement of facts (*id.*), with citations to exhibits (ECF No. 107-1) that throw Plaintiff's Statement of Facts into doubt regarding Counts One, Two, and Three. Specifically, Defendants allege that Plaintiff was an independent contractor who was permitted to operate his own automobile resale business under Trenton Auto Sales' auction license and using ALO Enterprises to ship his vehicles abroad. (Defs.' SOF ¶¶ 2–12, ECF No. 107). The relationship and contract terms between Plaintiff and Trenton Auto Sales are in dispute. (Pl.'s SOF ¶¶ 59, 62; Defs.' SOF ¶ 12). Therefore, the Court will not grant summary judgment on the basis that the proper format was not followed. *See Schecter*, 2008 WL 5054343, at *7. However, the parties are directed to properly comply with the Local Civil Rules in connection with any future submissions to this Court.

6

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment will be denied. A corresponding order will follow.

Date: 9/7/17

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.